```
GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
SALLY L. MELOCH (Cal. Bar # 133292)
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section
RONALD L. CHENG (Cal. Bar No. 138892)
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California  90012
     Telephone: (213) 894-0334/8644
     Facsimile: (213) 894-8601
     E-mail: sally.meloch@usdoj.gov
             ronald.cheng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
OCT - 7 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>Sylvia Cadillac Johnson,<br><br>          Defendant. | Case No. 09-01005 - 14 -VBF<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

  ____ 1. <u>Temporary 10-day Detention Requested (§ 3142(d))</u>

    <u>on the following grounds</u>:

    ____ a. offense committed while defendant was on release
      pending (felony trial), (sentencing) (appeal) or

```
                    on (probation) (parole);
        ____   b.   alien not lawfully admitted for permanent
                    residence;
        ____   c.   flight risk;
        ____   d.   danger to community.
  X     2.    Pretrial Detention Requested (§ 3142(e)) because no
              condition or combination of conditions will
              reasonably assure against:
        _X_   a.   danger to any other person or the community;
        _X_   b.   flight.
  ____  3.    Detention Requested Pending Supervised
              Release/Probation Revocation Hearing (Rules
              32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
        ____  a. Defendant cannot establish by clear and
                 convincing evidence that he/she will not pose a
                 danger to any other person or to the community;
        ____  b. Defendant cannot establish by clear and
                 convincing evidence that he/she will not flee.
  ____  4.    Presumptions Applicable to Pretrial Detention (18
              U.S.C. § 3142(e)):
        ____  a. Title 21 or Maritime Drug Law Enforcement Act
                 ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense
                 with 10-year or greater maximum penalty
                 (presumption of danger to community and flight
                 risk);
        ____  b. offense under 18 U.S.C. § 924(c) (firearm
                 used/carried/possessed during/in relation to/in
```

2

|   |   |   |
|---|---|---|
|   |   | furtherance of crime), § 956(a), or § 2332b (presumption of danger to community and flight risk); |
| ___ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ___ | d. | defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, AND defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| _X_ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |

3

  ____ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

  ____ b. an offense for which maximum sentence is life imprisonment or death;

  ____ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

  ____ d. instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

  ____ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

  _X_ f. serious risk defendant will flee;

  ____ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

| | | |
|---|---|---|
| 1 | ___  6. | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |
| | | _____ |
| | ___  7. | Good cause for continuance in excess of three days exists in that: |
| | | _____ |
| | | _____ |
| | | _____ |

DATED: October 7, 2009

Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

*/s/ Sally L. Meloch*
SALLY L. MELOCH
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA